**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDER HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-1771 HEA |
| | ) | |
| MISSOURI DEPT. OF CORR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Self-represented Plaintiff Alexander Howell[1] brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. [ECF No. 1]. The matter is now before the Court upon the motion of Plaintiff for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. [ECF No. 3]. While incarcerated, Plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. As discussed below, Plaintiff is subject to the three strikes rule, 28 U.S.C. § 1915(g). Accordingly, the Court will deny Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 3, and dismiss the complaint without prejudice subject to refiling as a fully paid complaint. Plaintiff's motion for appointment of counsel will be denied as moot. [ECF No. 4].

### The Complaint

Plaintiff Alexander Howell, an inmate at the Missouri Eastern Correctional Center (MECC) in Pacific, Missouri, filed the instant action pursuant to 42 U.S.C. § 1983. [ECF No. 1].

---

[1]At various times over the course of the past five years, Plaintiff has identified himself as transgendered and used the pronouns she/her. However, in the current lawsuit, Plaintiff states that while incarcerated at Missouri Eastern Correctional Center, he is currently using the pronouns he/him. The Court will therefore use the same.

Plaintiff names twenty-five (25) individuals as Defendants in this action as well as the Missouri Department of Corrections and Barnes Jewish Hospital.

Plaintiff's allegations relate to his incarceration at four separate correctional institutions: Eastern Reception Diagnostic Correctional Center (ERDCC); Algoa Correctional Center (ACC); Potosi Correctional Center (PCC) and MECC. Plaintiff has been warned previously that pursuant to Federal Rules of Civil Procedure 18 and 20 he is unable to bring claims in one lawsuit that relate to separate correctional institutions because they do not relate to one another, but he has continued to do so. *See Howell v. Kennon, et al.,* No. 4:22-CV-218 ACL (E.D.Mo.), ECF No. 29, ("In her second amended complaint, filed on December 8, 2022, plaintiff alleges a multitude of violations of her civil rights occurring at three separate Missouri Department of Corrections (MDOC) institutions. Such pleading practices are in violation of Federal Rules of Civil Procedure 18 and 20.") and *Howell v. St. Louis City, et al.,* No. 4:21-CV-1430 NCC (E.D.Mo.), ECF No. 10, (In the instant complaint, plaintiff alleges multiple unrelated claims against employees of two different institutions over a several month period. Unrelated claims against different defendants belong in different suits. Thus, if it is plaintiff's intent to bring this action alleging constitutional violations by employees at the St. Louis County Department of Justice Services, it is not appropriate for her to also bring unrelated allegations from her incarceration at the St. Louis City Justice Center.").

Because Plaintiff has previously been warned about attempting to bring too many claims in one lawsuit that are unrelated, the Court will only review Plaintiff's main claim in this case, which appears to be that his thumb was broken on September 17, 2025, while at Eastern Reception Diagnostic Correctional Center (ERDCC). All other claims in his complaint will be severed and dismissed pursuant to Federal Rule of Civil Procedure 21.

Plaintiff asserts that he injured his thumb after he had an altercation with a guard at ERDCC on September 17, 2025. He was taken to medical and told that the thumb was broken and needed stitches. He was given stitches by medical personnel, but according to Plaintiff, he was also taken to Barnes Hospital in St. Louis to have his thumb checked due to the injury. He claims that he was told that he would need to return to the hospital the next week for surgery on his thumb, but he does not explain why the injury necessitated surgery. Plaintiff merely states that his thumb was "crooked on the left and split open on the right."

Plaintiff alleges that when he returned to ERDCC his thumb became infected which resulted in his surgery being delayed. He states that he has been to follow-up medical appointments for his thumb at both Bonne Terre Hospital and Barnes Jewish Hospital, and he mentions that the course of treatment for his medical care has been reviewed by outside experts as well as those within the Missouri Department of Corrections and Centurion, which is the Department of Corrections' medical provider. At one point, Plaintiff claims that he had a cast on his arm, but he asserts that the cast has been removed, and his thumb is currently restrained with a splint, gauze and ace bandage. Plaintiff alleges that he has been approved for thumb surgery, but he worries that the surgery will not take place before he is due to be released from prison, or before the end of March 2026.

Plaintiff seeks compensatory and punitive damages in this action.

**Discussion**

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. Plaintiff has had more than three previous cases dismissed on the basis of frivolity or failure to state a claim. As such, his instant motion to proceed in forma pauperis will be denied and his case will be dismissed without prejudice to refiling as a fully paid complaint.

### A.  Three Strikes Rule

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain in forma pauperis status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This section does not apply unless the inmate litigant has three strikes at the time that he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

### B.  Plaintiff's Previous "Strikes"

Review of Plaintiff's litigation history in the federal court system shows that Plaintiff accumulated at least three "strikes." *See Howell v. Dep't of Just. Servs.,* No. 4:21-cv-1000-HEA (E.D. Mo.) (dismissed Oct. 29, 2021, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)); *Howell v. Saint Louis City,* No. 4:21-cv-1430-NCC (E.D. Mo.) (dismissed Apr. 15, 2022, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)); *Howell v. Gettinger,* No. 4:23-cv-464-CDP (E.D. Mo.) (dismissed May 12, 2023, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

4

As a result of Plaintiff's previous filings and dismissals, this Court is unable to permit Plaintiff to proceed in forma pauperis in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are insufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). *Id*. Furthermore, the prisoner must present "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Here, Plaintiff's allegations relating to his wait for his thumb surgery do not demonstrate that he is in imminent danger of serious physical injury, or that he is at any risk of impending harm. Plaintiff's complaint indicates that he is receiving ongoing care for his thumb injury. He has alleged that he has seen doctors and had care at ERDCC, MECC, Barnes Jewish Hospital and Bonne Terre Hospital. Although he states that he has had pain relating to his thumb while he is awaiting surgery on the thumb, he states that the surgery has been approved, and he has received various stages of care while awaiting the surgery including stitches, X-rays, infection care, pain management, casting and splinting. "[A] physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Hill v. Tate*, No. 1:23-CV-3-CDP, 2023 WL 2263203, at *3 (E.D. Mo. Feb. 28, 2023) (quoting *Gresham v. Meden*, 938 F. 3d 847, 850 (6th Cir. 2019)). Awaiting surgery on his thumb does not place Plaintiff in immediate or imminent harm given that he has received ongoing care for his injury.

5

Because Plaintiff has failed to show that the exception to the three-strikes provision in 28 U.S.C. § 1915(g) applies to him, the Court will deny his motion for leave to proceed in forma pauperis and will dismiss this action without prejudice to Plaintiff refiling a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that all of Plaintiff's claims in his complaint, except for his claims relating to his broken thumb, are **SEVERED and DISMISSED** pursuant to Federal Rule of Civil Procedure 21.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that the remaining claims in this action are **DISMISSED without prejudice** to Plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 2nd day of March, 2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

6